UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARISA BULLARD,

    Plaintiffs,

v.

COSTCO WHOLESALE CORP., et al.,

    Defendants.

Case No. 24-cv-03714-RS

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**

## I.  INTRODUCTION

Plaintiff Larisa Bullard alleges in this putative class action that Kirkland "Signature Baby Wipes, Fragrance Free," which are manufactured by defendant Nice-Pak Products, Inc. and marketed and sold by defendant Costco Wholesale Corp., are unfit for their intended use because they contain unsafe levels of per- and polyfluoroalkyl substances ("PFAS"). Pursuant to Civil Local Rule 7-1(b), defendants' motion to dismiss has been submitted without oral argument. The motion will be granted, with leave to amend.

## II. BACKGROUND

Bullard alleges she purchased the Kirkland Baby Wipes at issue "multiple times" since January of 2022, most recently in February of 2024. Compl. ¶ 6. Bullard asserts she relied on "image[s] of a happy baby" on the product's packaging, and the statement that the product is "made with naturally derived ingredients," which conveyed to her that the product was safe for use

on infants and toddlers. Bullard insists that had she known the wipes contained "dangerous levels of toxic PFAS chemicals," she would not have purchased them, or would have only purchased them under substantially different terms." *Id*

To support the claim that the product contains dangerous levels of toxic PFAS, Bullard alleges that independent research, conducted by her counsel, "utilizing a Department of Defense ELAP-certified laboratory, revealed that the Product contains 3.7 parts per billion (PPB) of PFAS." Compl. ¶ 4. The complaint advances claims for (1) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); (4) breach of express warranty; (5) unjust enrichment; (6) fraud; (7) Fraudulent Concealment or Omission; and (8) Negligent Misrepresentation.[1]

III. LEGAL STANDARD

Defendants seek dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing, and/or under Rule 12(b)(6) for failure to state a claim. To satisfy Article III standing requirements, a plaintiff must show "(1) it has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

A motion under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal

---

[1] The complaint also includes two counts for violation of New York Gen. Bus. Laws §§ 349-50. Bullard's former co-plaintiff, a New York resident, has dismissed her claims. See Dkt. No. 15)

CASE NO. 24-cv-03714-RS

2

1   under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the
2   absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation
3   marks and citation omitted).

4   While "detailed factual allegations" are not required, a complaint must have sufficient
5   factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,
6   678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially
7   plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable
8   inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at
9   556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully."
10  *Id.* The determination is a context-specific task requiring the court "to draw on its judicial
11  experience and common sense." *Id.* at 679.

## IV. DISCUSSION

The primary thrust of defendants' motion to dismiss is that Bullard has offered only conclusory allegations that the wipes contain PFAS of a type, and in quantities, that pose a risk of harm. Defendants frame their argument both as defeating standing, because in their view, Bullard has not alleged facts showing "injury in fact," and as a failure to state a claim.

In response, Bullard argues that because she is claiming *economic* injury, her allegations that she bought the product, or spent more for it that she otherwise would have, are sufficient to establish standing. Similarly, Bullard insists her allegations are sufficient to state a claim under Rule 12 (b)(6) because she has adequately alleged that a reasonable consumer would conclude from the product's packaging and marketing that it is safe and "free of toxic chemicals."

At least at the pleading stage, Bullard's allegations of economic injury are sufficient to preclude dismissal for lack of standing. Although a plaintiff may not rely on a "bare legal conclusion to assert injury-in-fact," *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011), "the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, "[t]he jurisdictional question of standing precedes, and does

not require, analysis of the merits." *Id.*

*Maya* further explains that *Twombly* and *Iqbal* are "ill-suited to application in the constitutional standing context." *Id.* at 658. As such, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Maya*, 658 F.3d at 1068. Accordingly, the complaint is adequate to defeat a challenge based on standing.[2] That said, the sufficiency of the allegations to state a claim remains in question.

On that point, Bullard has failed to allege sufficient facts that, if proven, would show the product at issue contains ingredients of a type and in such quantities to make her various theories of relief viable. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.") "PFAS" is not a magic word that can be invoked to open automatically the doors to federal litigation. Bullard asserts private testing of the product showed it "contains 3.7 parts per billion (PPB) of PFAS." While that allegation may distinguish this case from those in which the plaintiffs only used a proxy to test for the presence of PFAS, Bullard has not offered a sufficient factual basis that would, if presented at trial, support a fact-finder's conclusion that Kirkland Baby Wipes include PFAS of a type and in quantities to cause the alleged harms. *See Krakauer*, 2024 WL 1494489, at *10 ("Krakauer's fraud by omission claims fail largely because he has not plausibly alleged that his raincoat contained dangerous PFAS in quantities sufficient to pose health risks.")

## V. CONCLUSION

The motion to dismiss is granted, with leave to amend. Any amended complaint shall be

---

[2] *But see*, *Krakauer v. Recreational Equip. ,Inc.*, 2024 WL 1494489, at *7 (W.D. Wash. Mar. 29, 2024) dismissing claims for lack of standing where plaintiff alleged PFAS were present in defendant's raincoats, but plaintiff's "bald assertion that he would have paid less or not purchased the raincoat is unaccompanied by facts showing what cheaper alternative products he might have purchased."

filed by February 28, 2025. In the event no amended complaint is filed, the action may be dismissed without further notice.

**IT IS SO ORDERED**.

Dated: February 14, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 24-cv-03714-RS

5