1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARISA BULLARD, et al.,

Plaintiffs,

v.

COSTCO WHOLESALE CORP., et al.,

Defendants.

Case No. 24-cv-03714-RS

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I.  INTRODUCTION

Plaintiff Larisa Bullard alleges in this putative class action that Kirkland "Signature Baby Wipes, Fragrance Free," which are manufactured by defendant Nice-Pak Products, Inc. and marketed and sold by defendant Costco Wholesale Corp., are unfit for their intended use because they contain unsafe levels of per- and polyfluoroalkyl substances ("PFAS"). A motion to dismiss the original complaint was granted with leave to amend on grounds that while the allegations were sufficient to support standing, Bullard had not offered a sufficient factual basis that would, if presented at trial, support a fact-finder's conclusion that Kirkland Baby Wipes include PFAS of a type and in quantities to cause the alleged harms.

Defendants move to dismiss the First Amended Complaint, contending Bullard has still not presented sufficient facts to support a plausible claim the product contains PFAS "of a type and quantities" that cause harm. As Bullard has now identified the specific PFAS she contends her testing found in the product, the remaining questions as to the degree of risk, if any, posed by

those chemicals in those quantities are not subject to resolution at the pleading stage. Pursuant to

Civil Local Rule 7-1(b), the motion to dismiss is suitable for disposition without oral argument,

and the hearing set for May 15, 2025, is vacated. The motion will be denied.

## II. BACKGROUND

Bullard alleges she purchased the Kirkland Baby Wipes at issue "multiple times" since

January of 2022, most recently in February of 2024. FAC. ¶ 7. Bullard asserts she relied on

"image[s] of a happy baby" on the product's packaging, and the statement that the product is

"made with naturally derived ingredients," which conveyed to her that the product was safe for use

on infants and toddlers. Bullard insists that had she known the wipes "contained—or risked

containing—dangerous levels" of the "toxic" PFAS allegedly found in testing, she would not have

purchased them, or would have only purchased them under substantially different terms." *Id.*

The original complaint did not identify the specific PFAS purportedly present in the

product. The FAC alleges independent research conducted by Bullard's counsel, "utilizing a

Department of Defense ELAP-certified laboratory, revealed that the Product contains 3.6 parts per

billion of perfluoropropionic acid, 0.15 parts per billion of PMPA, and 0.040 parts per billion of

R-EVE." FAC ¶ 4.

## III. LEGAL STANDARD

Defendants' motion to dismiss the original complaint included a challenge under Rule

12(b)(1) of the Federal Rules of Civil Procedure to Bullard's standing. The present motion is

brought only under Rule 12(b)(6), for failure to state a claim. Such a motion tests the legal

sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d

1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of

a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal

theory." *Id.* at 1242 (internal quotation marks and citation omitted).

While "detailed factual allegations" are not required, a complaint must have sufficient

United States District Court
Northern District of California

1    factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

2    678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially

3    plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

4    inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at

5    556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully."

6    *Id.* The determination is a context-specific task requiring the court "to draw on its judicial

7    experience and common sense." *Id.* at 679.

8

9                                            IV. DISCUSSION

10          As both sides recognize, the order on the prior motion to dismiss rejected defendants'

11   contention that Bullard had not pleaded sufficient facts to support standing. Defendants expressly

12   disclaim any challenge to standing in the present motion. Bullard's opposition, however,

13   emphasizes the Ninth Circuit's decision last October in *Bowen v. Energizer Holdings, Inc.*, 118

14   F.4th 1134 (9th Cir. 2024), which addressed a complaint's adequacy to establish standing at the

15   pleading stage. [1] *Bowen* reversed the trial court's dismissal on standing grounds of a plaintiff's

16   claim that she would not have purchased (or would have paid less for) the defendant's sunscreen

17   product had she known it apparently contained small amounts of benzene.

18          In evaluating standing, the *Bowen* trial court had weighed the evidence as to whether the

19   quantity of benzene allegedly in the sunscreen was actually unsafe. The Ninth Circuit concluded

20   that inquiry was misdirected:

21              The district court relies on the mistaken premise that Bowen's
                theory of Article III injury requires her to prove that benzene in the
22              quantity found in the bottle of Ultra Sport 50 that she purchased—
                0.29 ppm—is unsafe. That is not the case. Instead, Bowen need
23              prove only that she paid more for the product than she otherwise

24   _____

25   [1] *Bowen*, which generally supports Bullard's positions, issued after her opposition to the prior
     motion to dismiss, and only three days prior to the time defendants filed their reply. Neither side
26   submitted it as recent authority while the motion was pending. Ironically, defendants had cited an
     earlier trial court order in the *Bowen* litigation that dismissed the original complaint, albeit with
27   leave to amend, and Bullard had offered arguments to distinguish that ruling.

28

United States District Court
Northern District of California

CASE NO. 24-cv-03714-RS

3

1
2
> would have paid, or bought it when she otherwise would not have done so, absent Defendants' false representations—or actionable non-disclosures—about the product.

3  118 F. 4th at 1147 (cleaned up).

4  Defendants correctly observe *Bowen* expressly addresses only what must be pleaded to

5  support standing—a subject not directly implicated by the current motion to dismiss. The prior

6  order, however, concluded the original complaint failed to state a claim in the absence of any

7  identification of the specific PFAS Bullard was alleging were present in the product. The order

8  observed "PFAS" is not a magic word that can be invoked to open automatically the doors to

9  federal litigation. That remains true.

10  Now, however, Bullard has alleged the three specific PFAS chemicals she contends were

11  found in the product, and in what quantities. Were it Bullard's burden to cite to scientific evidence

12  clearly showing these particular PFAS at these quantities and through this exposure mechanism

13  are "toxic" or unduly hazardous, defendants' various arguments as to why she has not done so

14  might carry the day. Defendants likely are correct that citations in the complaint to the conclusions

15  of an unnamed "expert" are not facts. Defendants also have shown that at least some of Bullard's

16  assertions are not supported by the sources on which she relies, in the current complaint or in the

17  original complaint. Nevertheless, the viability of Bullard's claims does not turn on her ability to

18  prove the identified PFAS in the product are actually unsafe, even though the issue in this motion

19  is not standing, *per se*. Having now named the chemicals, Bullard has stated sufficient facts to

20  support a plausible claim of economic injury.[2]

21  Some of the materials cited by the parties suggest a growing scientific concern that various

22  PFAS chemicals, including PFPrA allegedly found in the Kirkland wipes, are becoming more and

23  more ubiquitous in the environment, including in drinking water sources. The degree to which that

24  presents a public health hazard, and whether and when it will be appropriate to impose liability on

25

26  [2] None of defendants' subsidiary arguments as to the expectations of reasonable consumers, particularity of fraud allegations, the viability of derivative or alternative claims, and the like,
27  provide a basis to dismiss.

28

United States District Court
Northern District of California

makers of particular products in which those chemicals are detected may become an evolving area

of law. Under current pleading standards, however, the motion to dismiss must be denied.[3]

### V. CONCLUSION

The motion to dismiss is denied. Defendants shall file an answer to the complaint within

20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: May 14, 2025

_____

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

---

[3] Defendants' unopposed request for judicial notice is granted. The subject documents generally support defendants' contention that the particular PFAS allegedly found in the Kirkland wipes have not been shown to be dangerous.They do not, however, permit a conclusion at the pleading stage that Bullard has no viable claim.

CASE NO. 24-cv-03714-RS

5