UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISA BULLARD, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COSTCO WHOLESALE CORP., et al.,<br><br>  Defendants. | Case No. 24-cv-03714-RS<br><br>**ORDER DENYING LEAVE TO SEEK RECONSIDERATION AND REQUEST TO CERTIFY INTERLOCUTORY APPEAL** |

  Plaintiff Larisa Bullard alleges in this putative class action that Kirkland "Signature Baby Wipes, Fragrance Free," which are manufactured by defendant Nice-Pak Products, Inc. and marketed and sold by defendant Costco Wholesale Corp., are unfit for their intended use because they contain unsafe levels of per- and polyfluoroalkyl substances ("PFAS"). The original complaint, which did not identify the specific PFAS allegedly discovered in the baby wipes, was dismissed, with leave to amend.

  The first amended complaint identified three specific PFAS purportedly detected in the product testing commissioned by plaintiff's counsel prior to suit. Defendants' motion to dismiss the first amended complaint was denied. See Dkt. No. 43 ("the Denial Order.") Defendants now seek leave to file a motion for reconsideration of the Denial Order, or, alternatively, to certify it for interlocutory appeal.

  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

2003) (quoting 12 James William Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). As such, it should not be granted "absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). Under this District's local rules, a party must first seek and be granted leave to file a motion for reconsideration, and may prevail on such a motion only by demonstrating at least one of the following: (1) "That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "The emergence of new material facts or a change of law occurring after the time of such order"; or (3) "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

Here, defendants present an unpublished Ninth Circuit memorandum, which issued shortly after the briefing on the motion to dismiss the First Amended Complaint was fully briefed, and shortly before the Denial Order issued. *See In re: Plum Baby Food Litig.*, 2025 WL 1200700 (9th Cir. Apr. 25, 2025). Defendants do not contend this non-precedential decision represents a "change of law," sufficient to warrant reconsideration. Rather, the thrust of defendants' argument is that the Denial Order improperly conflated the issue of standing with the question of whether the First Amended Complaint includes sufficient non-conclusory factual allegations to state a claim. Defendants insist *Plum* demonstrates "that an omission-based fraud claim fails as a matter of law if the alleged omitted fact does not create a risk of human health," and that plaintiff's allegations and citations as to the purported health risks of the PFAS allegedly found in the products are insufficient.

Defendants fault the Denial Order for relying on *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134 (9th Cir. 2024), which addressed the adequacy of a complaint to survive a challenge to standing, rather than the sufficiency of the allegations to state a claim. The Denial Order, however, expressly acknowledged that *Bowen* discussed standing, and that defendants were not challenging standing, given the ruling on the original complaint that standing had been adequately pleaded,

under a theory of economic injury. As *Bowen* discussed, standing issues in many instances are "intertwined" with the merits. Where a plaintiff is proceeding under an economic injury theory, as in *Bowen* and here:

> To resolve the Article III standing issue—whether Defendants made false representations, or actionable non-disclosures, about the product—would necessarily require us to resolve the merits issue—whether Defendants' representations and non-disclosures are "actionable" under California law. Because the standing issue and substantive issues are so intertwined, resolution of genuinely disputed facts is inappropriate.

118 F. 4th at 1145 (cleaned up).

The Denial Order noted that *Bowen* went on to hold the district court had erred in assuming the plaintiff had any obligation to prove the quantity of the allegedly harmful substance in dispute (benzene) found in the product was actually unsafe. *Id. at* 114. For the same reason, defendants' insistence that plaintiff must do more here to show the identified PFAS are actually unsafe is without merit.

Defendants also contend *Bowen* is distinguishable because in that case the parties and court acknowledged that benzene "was harmful to human health." Nothing in the language or logic of *Bowen* suggests the conclusion rested on that point. To the contrary, the flaw identified in the trial court's decision was that it even evaluated whether or not benzene in the quantities present in the product were harmful to health.

The order dismissing the *original* complaint found the factual allegations were insufficient because they did not specify the product contained "ingredients of a type and in such quantities to make [the] various theories of relief viable." With no identification at all of the specific PFAS found in testing, that conclusion was likely sound. At most, however, there is an argument that under *Bowen*, the original complaint should have been allowed to go forward. There is not a basis to dismiss the First Amended Complaint.[1] Moreover, defendants' request for leave to seek

---

[1] To the extent the result in *Plum* is consistent with defendants' views and is not otherwise distinguishable, it is not precedent that would permit departing from the principles of *Bowen*.

reconsideration boils down to their disagreement with the analysis of the Denial Order, which is not a valid ground for reconsideration. The request is denied.

Defendants' alternate request for certification of the Denial Order for interlocutory appeal is also denied. As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. *In re Cement Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). The district court may under "exceptional" circumstances, however, certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b). *Id.* at 1026 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Certification may be appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

"The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *United States v. Tenet Healthcare Corp.*, 2004 WL 3030121, at *1 (C.D. Cal. Dec. 27, 2004) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)). As such, "[e]ven when all three statutory criteria are satisfied, district court judges have unfettered discretion to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008) (internal quotation marks omitted). "The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.' " *Fukuda v. Cnty. of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting *Coopers*, 437 U.S. at 475).

Here, the standards for pleading claims like those presented in this case perhaps could be characterized as a "controlling question of law." The result on the specific facts here, however, does not present substantial ground for a difference of opinion, notwithstanding some tension among various non-precedential decisions in broadly similar cases. Furthermore, interlocutory appeal would not plainly advance ultimate termination of the litigation, as even an appellate ruling that the current allegations are insufficient would most likely lead only to further amendments of the complaint. Even assuming, though, that defendants' showing satisfied the minimum statutory

criteria for interlocutory appeal, they have not made a persuasive case that this is one of the "exceptional" situations where the court should exercise its discretion to certify the order.

**IT IS SO ORDERED**.

Dated: July 29, 2025

_____
RICHARD SEEBORG
Chief United States District Judge